1  DOUGLAS E. LUMISH (Bar No. 183863)
   doug.lumish@lw.com
2  GABRIEL S. GROSS (Bar No. 254672)
   gabe.gross@lw.com
3  PATRICIA YOUNG (Bar No. 291265)
   patricia.young@lw.com
4  JIE WANG (Bar No. 306395)
   jie.wang@lw.com
5  LATHAM & WATKINS LLP
   140 Scott Drive
6  Menlo Park, California 94025
   Telephone:  +1.650.328.4600
7  Facsimile:  +1.650.463.2600

8  Attorneys for Plaintiff CODEXIS, INC.

9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11
                      SAN FRANCISCO DIVISION
12

13

14  CODEXIS, INC.                          CASE NO. 3:16-cv-00826-WHO

15          Plaintiff,                     **STIPULATED PROTECTIVE ORDER**

16      v.

17  ENZYMEWORKS, INC., a California
    corporation, ENZYMEWORKS, INC., a
18  Chinese corporation a/k/a SUZHOU
    HANMEI BIOTECHNOLOGY CO. LTD
19  d/b/a ENZYMEWORKS, INC. (CHINA), and
    JUNHUA TAO, an individual,
20
            Defendants.
21

22

23

24

25

26

27

28

## I.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section XV.D, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## II.    DEFINITIONS

### A.    Biomaterials

Any physical materials of a biological or biochemical nature, including but not limited to polynucleotides, polypeptides, plasmids, engineered enzymes, and cell lines.

### B.    Challenging Party

A Party or Non-Party that challenges the designation of information or items under this Order.

### C.    "CONFIDENTIAL" Information or Items

Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

### D.    Counsel

Outside Counsel of Record who have appeared in this action on behalf of Codexis, Inc., EnzymeWorks, Inc., a California corporation, Suzhou Han Mei Biotechnology Co. Ltd d/b/a EnzymeWorks, Inc., a Chinese corporation, or Junhua Tao, and administrative and paralegal staff, working under the attorneys' supervision.

**E.**     **Designating Party**

A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR. TAO'S EYES ONLY", "HIGHLY CONFIDENTIAL – ATTORNEYS' AND KUI CHAN'S EYES ONLY", "HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR. TAO'S AND KUI CHAN'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE."

**F.**     **Disclosure or Discovery Material**

All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**G.**     **Expert**

A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant specifically in this action, (2) does not have a current business relationship with a Party or Party's competitor, and (3) at the time of retention, is not anticipated to enter into a business relationship with  a Party or of a Party's competitor.  Business relationship, for the purposes of this provision only, means being a current employee, being a current consultant pursuant to a consulting agreement, and/or being a current member of the Board of Directors or Scientific Advisory Board of a Party or of a Party's competitor.  For the purposes of this provision only, any person who has served or anticipates serving a Party or a Party's competitor only as an expert or a consultant in litigation matters shall not be considered to have a business relationship with a Party or Party's competitor.

**H.**     **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items**

Extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including but not limited to Biomaterials, DNA sequences, and/or amino

acid sequences.

I.     **"HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR. TAO'S EYES ONLY", "HIGHLY CONFIDENTIAL – ATTORNEYS' AND KUI CHAN'S EYES ONLY", AND "HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR. TAO'S AND KUI CHAN'S EYES ONLY" Information or Items**

Information or items which the Producing Party reasonably believes Dr. Junhua Tao and/or Kui Chan had access to while employed at Pfizer or Codexis, respectively, through communications with Codexis, or otherwise prior to this litigation, and which Codexis reasonably expects to rely on in support of its trade secret misappropriation claim, the disclosure of which to another Party or Non-party other than Dr. Tao and/or Kui Chan would create a substantial risk of serious harm that could not be avoided by less restrictive means, including but not limited to Biomaterials, DNA sequences, and/or amino acid sequences.

J.     **"HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" Information or Items**

Extremely sensitive "Confidential Information or Items," including but not limited to computer code and associated comments and revision histories, formulas,[1] engineering specifications, proprietary software, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

K.     **Non-Party**

Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

L.     **Outside Counsel of Record**

Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have either appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

---

[1] DNA and amino acid sequences do not qualify as "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" Information or Items.

**M.** **Party**

Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**N.** **Producing Party**

A Party or Non-Party that produces Disclosure or Discovery Material in this action.

**O.** **Professional Vendors**

Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**P.** **Protected Material**

Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR. TAO'S EYES ONLY", "HIGHLY CONFIDENTIAL – ATTORNEYS' AND KUI CHAN'S EYES ONLY", "HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR. TAO'S AND KUI CHAN'S EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE."

**Q.** **Receiving Party**

A Party that receives Disclosure or Discovery Material from a Producing Party.

**III.** **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party

prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

obtained the information lawfully and under no obligation of confidentiality to the Designating

Party.  Further, notwithstanding the foregoing, no provision of this Stipulation and Order will

prevent Outside Counsel from maintaining copies of its written work product, even if this work

product references or excerpts Protected Material.  Any use of Protected Material at trial shall be

governed by a separate agreement or order.

**IV.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by

this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all

claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this

action, including the time limits for filing any motions or applications for extension of time

pursuant to applicable law.

**V.    DESIGNATING PROTECTED MATERIAL**

**A.    Exercise of Restraint and Care in Designating Material for Protection**

Each Party or Non-Party that designates information or items for protection under this

Order must take care to limit any such designation to specific material that qualifies under the

appropriate standards.  To the extent it is practical to do so, the Designating Party must designate

for protection only those parts of material, documents, items, or oral or written communications

that qualify – so that other portions of the material, documents, items, or communications for

which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

unnecessarily encumber or retard the case development process or to impose unnecessary

expenses and burdens on other parties) are prohibited.

If it comes to a Designating Party's attention that information or items that it designated

for protection do not qualify for protection at all or do not qualify for the level of protection

1   initially asserted, that Designating Party must promptly notify all other parties that it is

2   withdrawing the mistaken designation.

3       **B.       Manner and Timing of Designations**

4       Except as otherwise provided in this Order (see, e.g., second paragraph of Section V.B(a)

5   below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

6   protection under this Order must be clearly so designated before the material is disclosed or

7   produced.

8       Designation in conformity with this Order requires:

9       (a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but

10  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

11  Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

12  EYES ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR. TAO'S EYES

13  ONLY", "HIGHLY CONFIDENTIAL – ATTORNEYS' AND KUI CHAN'S EYES ONLY",

14  "HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR. TAO'S AND KUI CHAN'S EYES

15  ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" to each page that

16  contains protected material.  If only a portion or portions of the material on a page qualifies for

17  protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

18  making appropriate markings in the margins) and must specify, for each portion, the level of

19  protection being asserted.

20      A Party or Non-Party that makes original documents or materials available for inspection

21  need not designate them for protection until after the inspecting Party has indicated which

22  material it would like copied and produced.  During the inspection and before the designation,

23  except for materials subject to the provisions of Section IX, all of the material made available for

24  inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

25  After the inspecting Party has identified the documents it wants copied and produced, the

26  Producing Party must determine which documents, or portions thereof, qualify for protection

27  under this Order.  Then, before producing the specified documents, the Producing Party must

28  affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR. TAO'S EYES ONLY", "HIGHLY CONFIDENTIAL – ATTORNEYS' AND KUI CHAN'S EYES ONLY", "HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR. TAO'S AND KUI CHAN'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE) to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR. TAO'S EYES ONLY", "HIGHLY CONFIDENTIAL – ATTORNEYS' AND KUI CHAN'S

EYES ONLY", "HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR. TAO'S AND KUI CHAN'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR. TAO'S EYES ONLY", "HIGHLY CONFIDENTIAL – ATTORNEYS' AND KUI CHAN'S EYES ONLY", "HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR. TAO'S AND KUI CHAN'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

## C.    Inadvertent Failures to Designate

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

### A.     Timing of Challenges

Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

### B.     Meet and Confer

The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

### C.     Judicial Intervention

If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 30 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a

1   competent declaration affirming that the movant has complied with the meet and confer

2   requirements imposed in the preceding paragraph.  Failure by the Designating Party to make

3   such a motion including the required declaration within 30 days (or 14 days, if applicable) shall

4   automatically waive the confidentiality designation for each challenged designation.  In addition,

5   the Challenging Party may file a motion challenging a confidentiality designation at any time if

6   there is good cause for doing so, including a challenge to the designation of a deposition

7   transcript or any portions thereof.  Any motion brought pursuant to this provision must be

8   accompanied by a competent declaration affirming that the movant has complied with the meet

9   and confer requirements imposed by the preceding paragraph.

10   The burden of persuasion in any such challenge proceeding shall be on the Designating

11   Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

12   unnecessary expenses and burdens on other parties) may expose the Challenging Party to

13   sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to

14   file a motion to retain confidentiality as described above, all parties shall continue to afford the

15   material in question the level of protection to which it is entitled under the Producing Party's

16   designation until the court rules on the challenge.

17   **VII.     ACCESS TO AND USE OF PROTECTED MATERIAL**

18   **A.     <u>Basic Principles</u>**

19   A Receiving Party may use Protected Material that is disclosed or produced by another

20   Party or by a Non-Party in connection with this case only for prosecuting, defending, or

21   attempting to settle this litigation.  Such Protected Material may be disclosed only to the

22   categories of persons and under the conditions described in this Order.  When the litigation has

23   been terminated, a Receiving Party must comply with the provisions of Section XVI below

24   (FINAL DISPOSITION).

25   Protected Material must be stored and maintained by a Receiving Party at a location and

26   in a secure manner that ensures that access is limited to the persons authorized under this Order.

27   In addition, Protected Material shall not be transferred outside the United States to any Party,

28   Non-Party, or Expert, including through electronic mail or physical transportation.   Outside

1  Counsel of Record (and their support staffs) are permitted to transfer Protected Material outside

2  the United States, for example, by transferring such material to Outside Counsel of Record (and

3  their support staffs) authorized under this Order who are traveling outside the United States, or

4  who reside outside the United States.

5  **B.    Disclosure of "CONFIDENTIAL" Information or Items**

6  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

7  Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

8  (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees

9  of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information

10  for this litigation;

11  (b) Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is

12  reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and

13  Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Paragraph

14  VII.F(a), below, have been followed;

15  (c) the court and its personnel;

16  (d) court reporters and their staff, professional jury or trial consultants, mock jurors, and

17  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who

18  have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

19  (e) during their depositions, witnesses in the action to whom disclosure is reasonably

20  necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

21  A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of

22  transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

23  separately bound by the court reporter and may not be disclosed to anyone except as permitted

24  under this Stipulated Protective Order; and

25  (f) the author or recipient of a document containing the information or a custodian or

26  other person who otherwise possessed or knew the information.

27

28

**C.**      **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items**

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Paragraph VII.F(a), below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

In addition to the foregoing restrictions, neither party will disclose or share any Biomaterials that are designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any Non-Party, including Experts and Professional Vendors, without first following the procedures set forth in Section VII.G, below.

**D.**      **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR. TAO'S EYES ONLY", "HIGHLY CONFIDENTIAL – ATTORNEYS' AND KUI CHAN'S EYES ONLY", AND "HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR. TAO'S AND KUI CHAN'S EYES ONLY" Information or Items.**

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR. TAO'S EYES ONLY", "HIGHLY CONFIDENTIAL –

ATTORNEYS' AND KUI CHAN'S EYES ONLY", or "HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR. TAO'S AND KUI CHAN'S EYES ONLY" only to:

(a) Dr. Tao and/or Kui Chan—depending on whether the designation contains either or both individuals' names, and only after Dr. Tao and/or Kui Chan have signed and agreed to the terms of the "Acknowledgement and Agreement to Be Bound" (Exhibit A) and have provided a signed copy to Codexis—consistent with Section VII.A regarding disclosures outside the United States, and such disclosures to Dr. Tao and/or Kui Chan shall be limited to discussing with, and/or showing Dr. Tao and/or Kui Chan such documents or information, either in person or via videoconference or WebEx (or other equivalent means);

(b) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Paragraph VII.F(a), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

In addition to the foregoing restrictions, neither party will disclose or share any Biomaterials that are designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR. TAO'S EYES ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' AND KUI CHAN'S EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR. TAO'S AND KUI CHAN'S EYES ONLY," to any Non-Party, including Experts and Professional Vendors, without first following the procedures set forth in Section VII.G, below.

**E.**     **Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" Information or Items**

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Paragraph VII.F(a), below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**F.**     **Procedures for Approving or Objecting to Disclosure of Information or Items to Experts**

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR. TAO'S EYES ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' AND KUI CHAN'S EYES ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR. TAO'S AND KUI CHAN'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" pursuant to Paragraphs VII.B(b), VII.C(b), VII.D(c), and VII.E(b) first must make a written request to the Designating Party that (1) identifies which of the general category or categories of

information ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR. TAO'S EYES ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' AND KUI CHAN'S EYES ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR. TAO'S AND KUI CHAN'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE") that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[2] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that

---

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

G.   **Procedures for Approving or Objecting to Disclosure of Biomaterials to Non-Parties**

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to a Non-Party (as defined in this Order) any Biomaterials that have been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Section VII.C first must make a written request to the Designating Party that (1) identifies the specific "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Biomaterials that the Receiving Party seeks permission to disclose to the Non-Party, (2) identifies the name and location of each specific individual and/or entity that would have access to and would perform analysis on the Biomaterials, (3) identifies the location of the Non-Party's facility where all of the Biomaterials will be maintained and/or analyzed, (4) identifies (by name and number of the case, filing date, and location of court) any litigation for which the Non-Party has served as a consultant in the past five years, and (5) provides a signed copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A) for each specific individual that will have access to the Biomaterials through the Non-Party and, if the Non-Party is an entity, a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A) that is signed by a corporate representative of the Non-Party entity.  The purpose of the disclosure to the Non-Party must be solely for use of the Biomaterials to assist Outside Counsel in this litigation, and not for any other purpose.  A Non-Party chosen by the Receiving Party may be a professional service company that conducts analysis of DNA or amino acid sequences, but must not be in the

1   business of making and selling enzymes, either as a product or as a service.

2       (b) A Party that makes a request and provides the information specified in the preceding

3   respective paragraphs may disclose the subject Protected Material to the identified Non-Party

4   unless, within 14 days of delivering the request, the Party receives a written objection from the

5   Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

6       (c) A Party that receives a timely written objection must meet and confer with the

7   Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

8   agreement within seven days of the written objection.  If no agreement is reached, the Party

9   seeking to make the disclosure to the Non-Party may file a motion as provided in Civil Local

10   Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the

11   court to do so.  Any such motion must describe the circumstances with specificity, set forth in

12   detail the reasons why the disclosure to the Non-Party is reasonably necessary, assess the risk of

13   harm that the disclosure would entail, and suggest any additional means that could be used to

14   reduce that risk. In addition, any such motion must be accompanied by a competent declaration

15   describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content

16   of the meet and confer discussions) and setting forth the reasons advanced by the Designating

17   Party for its refusal to approve the disclosure.

18       In any such proceeding, the Party opposing disclosure to the Non-Party shall bear the

19   burden of proving that the risk of harm that the disclosure would entail (under the safeguards

20   proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Non-

21   Party.

22   **VIII.   PROSECUTION BAR**

23       Absent written consent from the Producing Party, any individual except for Dr. Tao and

24   Kui Chan who receives access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

25   ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR.

26   TAO'S EYES ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' AND KUI CHAN'S

27   EYES ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR. TAO'S AND KUI

28   CHAN'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE"

1  information shall not be involved in the prosecution of patents or patent applications relating to

2  the field of biocatalysis, the directed evolution of enzymes, engineered enzymes, or methods of

3  making recombinant or engineered enzymes, including by way of example expression vectors

4  and fermentation, including without limitation the patents asserted in this action and any patent

5  or application claiming priority to or otherwise related to the patents asserted in this action,

6  before any foreign or domestic agency, including the United States Patent and Trademark Office

7  (the "Patent Office").   For purposes of this paragraph, "prosecution" includes directly or

8  indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of

9  patent claims.[3]   To avoid any doubt, "prosecution" as used in this paragraph does not include

10 representing a party challenging or defending a patent before a domestic or foreign agency

11 (including, but not limited to, a post-grant review, covered business method review, and *inter*

12 *partes* review) provided that the individual who has received access to "CONFIDENTIAL,"

13 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL –

14 ATTORNEYS' AND DR. TAO'S EYES ONLY," "HIGHLY CONFIDENTIAL –

15 ATTORNEYS' AND KUI CHAN'S EYES ONLY," "HIGHLY CONFIDENTIAL –

16 ATTORNEYS' AND DR. TAO'S AND KUI CHAN'S EYES ONLY," or "HIGHLY

17 CONFIDENTIAL – SOURCE CODE/SOFTWARE" information shall not participate in

18 amending claims.   This Prosecution Bar shall begin when access to "CONFIDENTIAL,"

19 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL –

20 ATTORNEYS' AND DR. TAO'S EYES ONLY," "HIGHLY CONFIDENTIAL –

21 ATTORNEYS' AND KUI CHAN'S EYES ONLY," "HIGHLY CONFIDENTIAL –

22 ATTORNEYS' AND DR. TAO'S AND KUI CHAN'S EYES ONLY," or "HIGHLY

23 CONFIDENTIAL – SOURCE CODE/SOFTWARE" information is first received by the affected

24 individual and shall end two (2) years after final termination of this action.

25 **IX.    SOURCE CODE/SOFTWARE**

26        (a) To the extent production of material that is so sensitive it can only be available for

27 _____

28 [3] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings, before a domestic or foreign agency or Patent Office.

inspection, such as source code or proprietary software, becomes necessary in this case, a Producing Party may designate that information as "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE."

(b)  Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in Paragraph VIII, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" information may be disclosed, as set forth in Paragraphs VII.E, and VII.F.

(c)  Any "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" material produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" material shall be made available for inspection on a secured computer that is not networked, has no Internet connection, and for which all ports, software, and other avenues that could be used to copy or transfer such data have been blocked ("Standalone Computer").  The Standalone Computer will be located in a secured room, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" material onto any recordable media or recordable device.

(d)  Access to the Standalone Computer shall be permitted, after notice to the Producing Party and an opportunity to object, to up to two (2) Outside Counsel representing the receiving party and up to two (2) Experts retained by the Receiving Party who have been approved as set forth in Paragraph VII.F of this Order.  The Producing Party's counsel shall ensure that only these persons authorized pursuant to this paragraph shall have access to a Standalone Computer. Moreover, the following additional restrictions shall apply to such access:

i.  Each time a person accesses a Standalone Computer, the person shall sign a sign-in sheet before, and a sign-out sheet subsequent to, accessing the

Standalone Computer.  Such sheets shall include the name of the person accessing and the data and time in and out.  Such sheets shall be maintained by the Producing Party's counsel, and such sheets and any information on them shall be inadmissible in this action except in connection with proceedings regarding any violations of this Order.

ii.      No computers, tablets, smartphones, blackberries, photographic or video recording devices, or any recording media itself (including but not limited to camera phones, cameras, video recorders, portable hard drives, and/or USB flash drives) are permitted in an office containing a Standalone Computer.

iii.     After reasonable notice to the Producing Party as to the time and date of desired access to a Standalone Computer, the Producing Party shall make its Standalone Computer available during regular business hours at a mutually agreeable time.

iv.      The Producing Party may visually monitor the activities of the Receiving Party's representatives during any review of the Standalone Computer, but only to ensure that no unauthorized electronic records of the "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" material are being created or transmitted in any way. Any observer used by the Producing Party shall be a reasonable distance away from the Receiving Party's representatives during the review of the Standalone Computer so as to refrain from overhearing a whispered conversation (in order that the Receiving Party's representatives can quietly discuss the contents of the Standalone Computer in the course of their review).

v.       Unless otherwise agreed in advance by the parties in writing, the Receiving Party's Outside Counsel and/or Experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information at the end of each day.  Materials inadvertently left in the room with the Standalone Computer do not operate as a waiver of the attorney work product doctrine or any other applicable privilege and

1    shall be returned to the owner promptly. The Producing Party shall not be

2    responsible for any items left in the room with the Standalone Computer.

3        (e) At the request and sole expense of the party seeking discovery, the Producing Party

4    shall permit authorized persons to use software tools of their choosing for searching, inspecting,

5    and/or analyzing the "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" materials

6    on the Standalone Computer. Specifically, before viewing these materials on a Standalone

7    Computer, the Receiving Party shall notify the Producing Party of the specific software tools

8    desired to be used, and provide such software tools to counsel for the Producing Party. Unless

9    the Producing Party objects to such software tools within five (5) business days of receipt of such

10   notice, the Producing Party shall load such software tools on the Standalone Computer upon

11   provision of such software tools by the Receiving Party. If an authorized person from the

12   Receiving Party is viewing these materials on a Standalone Computer and wishes to use

13   additional software tools for searching, inspecting, and/or analyzing such material, the Receiving

14   Party shall notify the Producing Party or Non-Party of such additional software tools and provide

15   such software tools to the Producing Party or Non-Party, and the Producing Party or Non-Party

16   shall use its best efforts to load such software tools as soon as practical thereafter.

17       (f) The Producing Party shall provide a list in both printed and electronic form that

18   contains the name and location of every file available for inspection on the computer.

19       (g) At Receiving Party's request, the Producing Party or Non-Party shall provide to the

20   Receiving Party or Non-Party the identity of programming languages used to develop or edit the

21   files made available for inspection, and whether the files were developed or edited in a UNIX,

22   Windows, Apple and/or OS/X environment.

23       (h) The Receiving Party may request reasonable portions of the Producing Party's

24   "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" material be printed to paper

25   copies, but no more than thirty (30) consecutive pages and no more than 10% of any specific

26   software release, by identifying such portions to the Receiving Party. The Receiving Party shall

27   not request printed copies of the "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE"

28   material in order to review portions of "HIGHLY CONFIDENTIAL – SOURCE

CODE/SOFTWARE" material elsewhere in the first instance, i.e., as an alternative to reviewing that "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" material electronically on the Standalone Computer, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" material for review and analysis elsewhere, and that the Producing Party shall be required to print "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" material only when  necessary to prepare court filings or pleadings, or other papers (including formal infringement contentions and a testifying expert's expert report). Within seven (7) business days of a request, the Producing Party shall either (i) produce one copy set of the requested pages to the Receiving Party; or (ii) inform the Requesting Party that it objects to the request as excessive or not submitted for a permitted purpose. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of whether the request is narrowly tailored and for a permitted purpose.  The Producing Party will affix the proper Bates labeling and confidentiality designation to any printed copies to be produced to the Receiving Party, and mark such printed copies file names and line numbers that correspond to the file names and line numbers visible during inspection of the Standalone Computer.  The Receiving Party's Outside Counsel of Record and any person receiving a copy of any "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" material shall maintain and store any paper copies of the "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" material at their offices in a manner that prevents duplication of or unauthorized access to the "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" material, including, without limitation, storing the "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" material in a locked room or cabinet at all times when it is not in active use.

(i) The Receiving Party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" material received from a Producing Party pursuant to Paragraph IX(h) above, not including copies attached to court filings or destroyed after use at a deposition, and

shall maintain a log of all paper copies of the "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" material. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon seven (7) business day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

(j)   For depositions, copies of "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" material that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.  All paper copies of "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" material brought to the deposition shall be securely destroyed in a timely manner following the deposition.

(k) Except as provided in this paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" material from any paper copy of "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" material for use in any manner (including by way of example only, the receiving party may not scan the "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" material to a PDF or photograph the "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" material).  Images or copies of "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" material shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  If a party reasonably believes that it needs to submit a portion of "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" material as part of a filing with the Court, the parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" material and such filing will not be made absent (i) agreement from the Producing Party that the confidentiality protections will be adequate, or (ii) Court order.  If a Producing Party agrees to produce an electronic copy of all or any portion of its "HIGHLY

1   CONFIDENTIAL – SOURCE CODE/SOFTWARE" material or provide written permission to

2   the Receiving Party that an electronic or any other copy needs to be made for a Court filing, the

3   Receiving Party's communication and/or disclosure of electronic files or other materials

4   containing any portion of "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE"

5   material (paper or electronic) shall at all times be limited solely to individuals who are expressly

6   authorized to view "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" material

7   under the provisions of this Order.  Where the Producing Party has provided the express written

8   permission required under this provision for a Receiving Party to create electronic copies of

9   "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" material, the Receiving Party

10  shall maintain a log of all such electronic copies of any portion of "HIGHLY CONFIDENTIAL

11  – SOURCE CODE/SOFTWARE" material in its possession or in the possession of its retained

12  consultants, including the names of the reviewers and/or recipients of any such electronic copies,

13  and the locations where the electronic copies are stored.  Additionally, any such electronic copies

14  must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" as provided for

15  in this Order.

16      (l) Nothing in this Order shall obligate the parties to produce any "HIGHLY

17  CONFIDENTIAL – SOURCE CODE/SOFTWARE" material or particular portion thereof, and

18  this Order is not an act or admission that any portion of a Producing Party's "HIGHLY

19  CONFIDENTIAL – SOURCE CODE/SOFTWARE" material is discoverable or relevant to any

20  issues in this action.

21  **X.      DNA AND/OR AMINO ACID SEQUENCES**

22      Any Receiving Party that receives DNA and/or amino acid sequences that have been

23  designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

24  ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR. TAO'S EYES ONLY,"

25  "HIGHLY CONFIDENTIAL – ATTORNEYS' AND KUI CHAN'S EYES ONLY," or

26  "HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR. TAO'S AND KUI CHAN'S EYES

27  ONLY" shall not provide that information to any Non-Party, including any online alignment

28  tool, unless the Non-Party is a Professional Vendor to whom disclosure is reasonably necessary

1   for this litigation and who has signed the "Acknowledgment and Agreement to Be Bound"

2   (Exhibit A) pursuant to Sections VII.B, VII.C, and VII.D above.

3   **XI.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

4   **OTHER LITIGATION**

5           If a Party is served with a subpoena or a court order issued in other litigation that compels

6   disclosure of any information or items designated in this action as "CONFIDENTIAL,"

7   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL –

8   ATTORNEYS' AND DR. TAO'S EYES ONLY," "HIGHLY CONFIDENTIAL –

9   ATTORNEYS' AND KUI CHAN'S EYES ONLY," "HIGHLY CONFIDENTIAL –

10  ATTORNEYS' AND DR. TAO'S AND KUI CHAN'S EYES ONLY," or "HIGHLY

11  CONFIDENTIAL – SOURCE CODE/SOFTWARE" that Party must:

12          (a) promptly and in no event more than ten (10) business days after receiving the

13  subpoena or order notify in writing the Designating Party. Such notification shall include a copy

14  of the subpoena or court order;

15          (b) promptly notify in writing the party who caused the subpoena or order to issue in the

16  other litigation that some or all of the material covered by the subpoena or order is subject to this

17  Order. Such notification shall include a copy of this Protective Order; and

18          (c) cooperate with respect to all reasonable procedures sought to be pursued by the

19  Designating Party whose Protected Material may be affected.[4]

20          If the Designating Party fails to object or seek a protective order within 30 days of

21  receiving the notice and accompanying information, the Receiving Party may produce the Non-

22  Party's confidential information responsive to the discovery request.  If the Designating Party

23  timely seeks a protective order, the Party served with the subpoena or court order shall not

24  produce any information designated in this action as "CONFIDENTIAL," "HIGHLY

25  CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL –

26  ATTORNEYS' AND DR. TAO'S EYES ONLY," "HIGHLY CONFIDENTIAL –

27

28  [4] The purpose of imposing these duties is to alert the interested parties to the existence of this
    Protective Order and to afford the Designating Party in this case an opportunity to try to protect
    its confidentiality interests in the court from which the subpoena or order issued.

ATTORNEYS' AND KUI CHAN'S EYES ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR. TAO'S AND KUI CHAN'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in this Order should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## XII.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR. TAO'S EYES ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' AND KUI CHAN'S EYES ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' AND DR. TAO'S AND KUI CHAN'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE/SOFTWARE."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the this Order , the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14

days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**XIII.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.

**XIV.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**
**PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B):

> If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being

1        notified; and may promptly present the information to the court under seal

2        for a determination of the claim.  The producing party must preserve the

3        information until the claim is resolved.

4  Fed. R. Civ. P. 26(b)(5)(B).

5        If the parties cannot resolve a claim of privilege or other protection without court

6  intervention, the Receiving Party shall present the information to the court under seal for a

7  determination of the claim within 21 days of the initial claim of privilege or other protection or

8  within 14 days of the parties agreeing that the meet and confer process will not resolve their

9  dispute, whichever is earlier.

10       Inadvertent production or disclosure of documents, things, or information subject to the

11  attorney-client privilege, work product immunity, or any other applicable privilege or immunity

12  shall neither waive nor prejudice any claim that such or related material is privileged or protected

13  by any applicable privilege or immunity, provided the Producing Party notifies the Receiving

14  Party in writing promptly after discovering such production.

15       This provision is not intended to modify whatever procedure may be established in an e-

16  discovery order that provides for production without prior privilege review.

17  **XV.   MISCELLANEOUS**

18       **A.   <u>Right to Further Relief</u>**

19       Nothing in this Order abridges the right of any person to seek its modification by the

20  Court in the future.

21       **B.   <u>Right to Assert Other Objections</u>**

22       By stipulating to the entry of this Order no Party waives any right it otherwise would

23  have to object to disclosing or producing any information or item on any ground not addressed in

24  this Order.  Similarly, no Party waives any right to object on any ground to the use as evidence

25  of any of the material covered by this Order.

26       **C.   <u>Export Control</u>**

27       Disclosure of Protected Material shall be subject to all applicable laws and regulations

28  relating to the export of technical data contained in such Protected Material, including the release

of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

**D.** **Filing Protected Material**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

**E.** **Other Rights and Obligations**

(a) The parties acknowledge and agree that they will direct their Outside Counsel not to disclose or use the Protected Material except as permitted by this Order.

(b) The Parties further agree that this Order and any sanctions for violations of the terms of this Order available pursuant to the Court's rules, shall not limit, affect or otherwise impair the rights of the Parties to exercise any statutory or common law remedies available to the Parties for violations of the terms of this Order.

## XVI.   FINAL DISPOSITION

Unless otherwise ordered by this Court or agreed in writing by the Parties, within 60 days after the final disposition of this litigation, as defined in Section IV, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. The Receiving Party's reasonable efforts shall not require the return or destruction of Protected Material that (i) is stored on backup storage media made in accordance with regular data backup procedures for

1  disaster recovery purposes, (ii) is located in the email archive system or archived electronic files

2  of departed employees, or (iii) is subject to legal hold obligations.  Backup storage media will

3  not be restored for purposes of returning or certifying destruction of Protected Material, but such

4  retained information shall continue to be treated in accordance with this Order.

5  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

6  compilations, summaries, and any other format reproducing or capturing any of the Protected

7  Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must

8  submit a written certification to the Producing Party (and, if not the same person or entity, to the

9  Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

10  the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

11  not retained any copies, abstracts, compilations, summaries or any other format reproducing or

12  capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

13  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

14  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

15  product, and consultant and expert work product, even if such materials contain Protected

16  Material.  Any such archival copies that contain or constitute Protected Material remain subject

17  to this Order as set forth in Section IV (DURATION).  Nothing in this section shall be

18  interpreted in a manner that would violate any applicable canons of ethics or codes of

19  professional responsibility.

20

21

22

23

24

25

26

27

28

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    Dated:  September 13, 2016                    By:   /s/ Gabriel S. Gross
                                                       Gabriel S. Gross
4                                                      Counsel for Codexis, Inc.

5

6    Dated:  September 13, 2016                    By:   /s/ Ezekiel L. Rauscher
                                                       Ezekiel L. Rauscher
7                                                      Counsel for Defendants

8

9

10

11

12          IT IS SO ORDERED.

13

14   Dated: September 14, 2016

15                    HON. UNITED STATE DISTRICT JUDGE WILLIAM H. ORRICK III

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## EXHIBIT A: ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

2

3      I, _____ [print or type full name], of _____

4 [print or type full address], declare under penalty of perjury that I have read in its entirety and

5 understand the Stipulated Protective Order that was issued by the United States District Court for

6 the Northern District of California on _____ in the case of *Codexis, Inc. v.*

7 *EnzymeWorks, Inc. et al.*, Case No. 3:16-cv-00826-WHO (N.D. Cal.).  I agree to comply with

8 and to be bound by all the terms of this Stipulated Protective Order and I understand and

9 acknowledge that failure to so comply could expose me to sanctions and punishment in the

10 nature of contempt.  I solemnly promise that I will not disclose in any manner any information or

11 item that is subject to this Stipulated Protective Order to any person or entity except in strict

12 compliance with the provisions of this Order.

13      I further agree to submit to the jurisdiction of the United States District Court for the

14 Northern District of California for the purpose of enforcing the terms of this Stipulated

15 Protective Order, even if such enforcement proceedings occur after termination of this action.

16      I  hereby  appoint  _____ [print  or  type  full  name]  of

17 _____ [print  or  type  full  address  and  telephone

18 number] as my California agent for service of process in connection with this action or any

19 proceedings related to enforcement of this Stipulated Protective Order.

20

21 Date: _____

22 City and State where sworn and signed: _____

23

24 Printed name: _____

25

26 Signature: _____

27

28

1

**<u>ATTESTATION</u>**

2        Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that the concurrence in the filing of

3    this document has been obtained from the other signatory.

4

5    Dated:  September 13, 2016

6                                                      By   */s/ Gabriel S. Gross*

7                                                           Gabriel S. Gross

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28