UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODEXIS, INC.,<br><br>   Plaintiff,<br><br>  v.<br><br>ENZYMEWORKS, INC., et al.,<br><br>   Defendants. | Case No. 3:16-cv-00826-WHO<br><br>**ORDER GRANTING LEAVE TO AMEND COMPLAINT**<br><br>Re: Dkt. No. 103 |

**INTRODUCTION**

During an "independent investigation" in this patent infringement and trade secret misappropriation case, plaintiff Codexis, Inc. ("Codexis") discovered that defendant Junhua Tao had transferred real estate to his son via quitclaim deed without sufficient consideration. Tao's companies, EnzymeWorks, Inc. (U.S.) and Enzymeworks, Inc. (China) (the "Corporate Defendants"), have stipulated to infringement of ten of Codexis's patents. There will be a judgment entered against those defendants, at least for patent infringement; trade secret, unfair competition, and contract-based claims remain unsettled. Now Codexis asks for leave to amend its complaint to add claims for violation of California's Uniform Voidable Transfer Act and common law fraudulent transfer against Tao and his son. Having considered the briefing, I find this matter appropriate for resolution without a hearing. Civil L. R. 7-1(b).

Since there will be a judgment against the Corporate Defendants, and because I previously rejected defendants' attempt to dismiss Codexis's alter ego theory of liability between Tao and those defendants, I find that the proposed claims are not futile. Moreover, I see no undue prejudice to the defendants, nor delay or bad faith on the part of Codexis. Its motion is GRANTED. It should file an amended complaint within 3 days, and defendants should provide

appropriate discovery related to the new claims. The hearing on September 27, 2017 is VACATED.

**BACKGROUND**

Plaintiff Codexis, Inc. is a California biotechnology company that engineers customized enzymes called "biocatalysts." First Am. Compl. ¶ 5 ("FAC") (Dkt. No. 32). Biocatalysts are "proteins that accelerate or catalyze chemical reactions" which may be utilized "to manufacture pharmaceuticals, therapeutic proteins, food ingredients, fine chemicals, flavors, fragrances, and many other products." FAC ¶ 6. In 2004, Codexis entered into a partnership with a global pharmaceutical company. FAC ¶ 11. Defendant Junhua Tao worked as a chemist for this company. *Id.*; First Am. Answer ¶ 10 ("FAA") (Dkt. No. 100).

During the partnership between Codexis and the unidentified pharmaceutical company, Tao was either terminated due to layoffs or chose not to continue to work for the company after it restructured. FAC ¶ 1; FAA ¶ 16. Codexis alleges that during Tao's employment with this company, he was privy to proprietary and confidential information "including information about Codexis's enzymes and/or their corresponding DNA and amino acid sequences, and detailed information about Codexis's protein engineering and manufacturing processes[,]" which he took with him when he left. FAC ¶ 16.

In 2010, defendant Tao founded defendants EnzymeWorks, Inc. (U.S.) and Enzyme Works, Inc. (China) (collectively, "EnyzmeWorks"). FAA ¶ 18. Five years later, Codexis filed its original Complaint on February 19, 2016 and its First Amended Complaint on April 29, 2016. Compl. (Dkt. No. 1); FAC (Dkt. No. 32). Codexis alleges a total of sixteen counts against defendants: (i) ten counts of patent infringement under 35 U.S.C. §§ 101, et seq., (FAC ¶¶ 72-234), (ii) one count of misappropriation of trade secrets under Cal. Civ. Code section 3426, et seq., (FAC ¶¶ 235-252), (iii) one count of breach of contract (FAC ¶¶ 253-268), (iv) one count of intentional interference with contractual relations (FAC ¶¶ 269-275), (v) one count of intentional interference with prospective economic relations (FAC ¶¶ 276-283), (vi) one count of unfair competition under Cal. Bus. & Prof. Code section 17200, et seq., (the "UCL") (FAC ¶¶ 284-287), and (vii) one count of unfair competition under the common law (FAC ¶¶ 288-293).

On August 11, 2016, I partially granted defendants' motion to dismiss, removing from the action Codexis's agency theory of liability and its claim under the UCL's unfairness prong. Order on Mot. to Dismiss at 15 (Dkt. No. 57). On August 11, 2017, defendants EnymeWorks—but not defendant Tao—stipulated to partial summary judgment on the issue of patent infringement. Stipulated Order of Partial Summ. J. of Patent Infringement (Dkt. No. 102). On the same date, Codexis filed a motion for leave to amend its First Amendment Complaint. Mot. for Leave to Am. Compl. ("Mot.") (Dkt. No. 103).[1]

Codexis moves for leave to include two additional claims pertaining to defendant Junhua Tao's transfer of assets to his adult son, Andrew Tao. Mot. at 1. In light of Codexis's discovery that Tao transferred a $400,000 townhouse to his son,[2] Codexis seeks to amend the First Amended Complaint to include claims of (i) violation of California's Uniform Voidable Transfer Act ("UVTA") and (ii) common law fraudulent transfer against defendant Tao and his son, as the transferee. *Id.* The defendants oppose this motion as a tactic made in bad faith to obtain defendant Tao's personal financial documents. Opp'n to Mot. For Leave to Am. Compl. at 1 ("Opp'n") (Dkt. No. 108).

**LEGAL STANDARD**

Rule 15(a)(2) of the Federal Rules of Civil Procedure directs courts to "freely give leave [to amend] when justice so requires[.]" Fed. R. Civ. P. 15. The court should exercise its discretion but "[i]n the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). The underlying policy of Rule 15(a) "is to be applied with extreme liberality[.]" *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Courts weigh the propriety of a motion for leave to amend by ascertaining if the proposed amendment "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile."

---

[1] During one of the various discovery disputes between the parties, Codexis had indicated the likely possibility that it would seek leave to amend its complaint to add these claims. *See* St. re: Discovery of Defs.' Assets (Dkt. No. 94).

[2] In its Reply, it also notes a second transfer of real estate worth more than $1 million. Second Gross Decl. ¶¶ 2–4.

*AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). These four factors are generally evaluated "with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Further, the factors "are not of equal weight[,]" as it is generally accepted that prejudice and bad faith are the most important factors to consider. *See Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973).

**DISCUSSION**

Codexis argues that the application of the four factors to this case weighs in favor of granting its motion for leave to amend. Mot. at 5. Defendants maintain that the presence of bad faith and futility warrant denying Codexis's leave to amend, but they do not address the remaining factors of undue prejudice and undue delay. Opp'n at 1. Instead, the defendants provide a purportedly innocent explanation for the real estate transfer to his son, and fail to address the second, more recent transfer. *Id.* at 2-5. They offer disputed facts, but no justification for denying Codexis leave to amend. Because the factors fall in Codexis's favor, its motion is GRANTED.

**I. PROPOSED AMENDMENT WOULD NOT RESULT IN UNDUE PREJUDICE TO DEFENDANTS**

All four factors are relevant to weighing the propriety of a motion for leave to amend, but "the crucial factor is the resulting prejudice to the opposing party." *Howey*, 481 F.2d at 1191. Codexis maintains that its proposed amendments will not unduly prejudice the defendants for three reasons. Mot. at 5. First, Codexis contends that sufficient time and opportunity remain for the defense to prepare. *Id.* Next, in consideration of new discovery obligations arising from the proposed claims, Codexis argues that an extension of discovery deadlines could be pursued given that trial is not until June 2018. *Id.* Lastly, Codexis proffers that there will not be undue prejudice to Andrew Tao as an added defendant to this case because "at most, Andrew Tao will need to provide discovery on the limited facts surrounding his involvement in the transfer" of the townhouse at issue, and assuming that Codexis prevails on the additional claims, Andrew might be compelled to relinquish this property. *Id.*

"The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Defendants fail to present any counter

4

arguments pertaining to undue prejudice. Codexis sufficiently demonstrated that any potential arguments defendants would have addressed would not prevail. This factor weighs in favor of amendment.

## II. MOTION IS NOT FOUND IN BAD FAITH

"Bad faith" in the present context refers to a party's attempt to "prolong the litigation by adding new but baseless legal theories." *Griggs*, 170 F.3d at 881. Defendants argue that Codexis seeks to include additional claims against defendants for the purpose of circumventing my discovery order, denying access to defendant Tao's personal finances. Opp'n at 5-6; *see* Order on Discovery Disputes at 2 (Dkt. No. 96). Specifically, defendants assert that "Codexis should not be given a third [bite at the apple]." *Id.* at 6.

In the July 10, 2017 order, I indicated Tao's privacy interest in his personal finances and prematurity of concern regarding fraudulent conveyance and enforcement of judgment absent a finding of liability. Order on Discovery Disputes at 2. Although Codexis was aware of the underlying facts prompting its request for leave to amend at the time of my order, the Corporate Defendants had not yet stipulated to patent infringement. Codexis correctly points out that this stipulation ensures there will be a damages award of some sort against the Corporate Defendants. Mot. at 6. While Tao did not stipulate to infringement, Codexis contends that it may prevail against him either via its alter ego theory of liability or in proving Tao's individual liability. Mot. at 8.

Defendants counter with arguments addressing why Codexis's alter ego theory of liability is unfounded. Opp'n at 3. But as I indicated in the order on defendants' motion to dismiss, Codexis has "plausibly established a basis for alter ego liability between Tao and Enzymeworks, but not as between the two EnzymeWorks entities." Order on Mot. to Dismiss at 1 (Dkt. No. 57). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). I see no bad faith in Codexis's actions.

## III. AMENDMENT WOULD NOT CAUSE UNDUE DELAY OF LITIGATION

Codexis claims it first learned about the underlying facts of the transfer of Tao's

5

townhouse to his son in May 2017. Mot. at 7. Codexis asserts that prior to bringing this motion, it tried to work with defendants to either be provided with sufficient clarification to eliminate its concerns on the issue or to stipulate to an amendment of its complaint without requesting leave from the court. *Id.* Further, Codexis filed its motion on the same day that I entered the Stipulated Order of Partial Summary Judgment of Patent Infringement under Rule 56, Fed. R. Civ. P. Dkt. No. 102. Defendants fail to address this factor. I see no undue delay.

## IV. THE AMENDMENT IS NOT FUTILE

A proposed amendment is futile where it would not survive a motion to dismiss, or it would be subject to summary judgment. *See Johnson v. Am. Airlines, Inc.*, 834 F.2d 721, 724 (9th Cir. 1987)("[C]ourts have discretion to deny leave to amend a complaint for 'futility,' and futility includes the inevitability of a claims' defeat on summary judgment.")(citation omitted). The parties disagree on two main points regarding the futility factor: (i) whether Codexis's proposed amendments state claims which pass the plausibility standard of Rule 12(b)(6), Mot. at 8; Opp'n at 7-9, and (ii) whether Codexis may state a claim for fraudulent transfer under UVTA prior to a judgment against defendant Tao, Mot. at 3; Opp'n at 1.

Defendants argue that plaintiff's proposed amendments are futile because they would not survive a motion to dismiss under Rule 12(b)(6). Opp'n at 6-7. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads sufficient facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Based on Codexis's factual allegations, it is reasonable to infer that Codexis has a plausible

6

right to relief for fraudulent transfer. Mot. at 8-13. Codexis alleges that: (i) a creditor-debtor relationship was formed between Codexis and the defendants for purposes of UTVA; (ii) Andrew Tao, an intern at EnzymeWorks, become a "transferee" within the meaning of the statute once defendant Tao transferred a significant asset—a $400,000 townhouse in San Diego—to him without "relevant equivalent value" in exchange, after litigation had begun; (iii) Tao did not disclose this transfer to Codexis; and (iv) Tao executed this transfer intending to avoid judgment against him. Mot. at 8-12.

Defendants admit that the transfer of assets occurred and proffer reasons explaining why. Opp'n at 4. At the pleading stage, however, courts do not analyze which party's explanation is more plausible. Codexis need not prove with certainty that Tao had the requisite intent for fraudulent transfer. It need only provide sufficient factual allegations to support a plausible inference that it is entitled to relief. This conclusion does not necessarily mean that Codexis will succeed on its claims, only that it provided enough facts to allow the claims to move on to the next phase for adjudication on the merits. "Where the underlying facts or circumstances of a case 'may be a proper subject of relief, [a plaintiff] ought to be afforded an opportunity to test his claim on the merits.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987) (quoting *Foman v. Davis*, 371 U.S. 178, 182, (1962)). When the time comes, defendants will be able to present the various defenses to discredit Codexis's claims.

Under California's Uniform Voidable Transactions Act ("UVTA"), the undisclosed transfer of asserts in the midst of litigation that could impede or obstruct collection of judgment is called a "voidable" or "fraudulent" transfer. Cal. Civ. Code § 3439, et seq. "A transfer made or obligation incurred by a debtor is voidable as to a creditor … if the debtor made the transfer or incurred the obligation … [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor." Cal. Civ. Code § 3439.04(a)(1). Defendants argue that Codexis cannot allege a UVTA violation before judgment is entered because: (i) a judgment entered under Rule 56 is not an enforceable judgment under Rule 58; and (ii) the partial judgment entered by stipulation of EnymeWorks does not have an impact on Tao.

To the first point, defendants rely upon *Oiye v. Fox*, 211 Cal. App. 4th 1036, 1058 (Cal. Ct.

7

App. 2012) to support their argument that Codexis cannot allege claims under UVTA until a judgment is entered. Opp'n at 6. However, *Oiye* supports the exact opposite conclusion. *Id.* at 1057-58. In *Oiye*, the plaintiff filed a tort action against defendant after he pleaded no contest to criminal charges for sexual abuse of plaintiff as a minor. *Id.* at 1044. She brought claims related to her sexual abuse, and a claim for fraudulent transfer, which she supported with allegations that the defendant had transferred his residence to a trust following his arrest in order to hinder plaintiff's securing relief. *Id.* at 1045. She sought a preliminary injunction under the UVTA to prevent him from transferring additional assets and to compel disclosure of the defendant's financial records. *Id.* at 1046. The appellate court affirmed the trial court's decision granting plaintiff's request for a preliminary injunction because the timing of the defendant's property transfer following his arrest could be inferred to support a claim that he intended to fraudulently shield his assets against any creditors, in violation of the UVTA. *Id.* at 1047-1059.

Defendants appear to confuse *Oiye*'s distinction between the appropriate timing of pleading injury, and the timing of plaintiff's right to recover. The court in *Oiye* explained that "the relationship of debtor and creditor arises in tort cases the moment the cause of action accrues." *Id.* at 1057–58 (quoting another source). And, "such creditor, is, upon recovering judgment, entitled to avoid a fraudulent transfer antedating the commencement of his action." *Id.* at 1058. Defendants point to this portion of *Oiye* to support their argument that a party may not file a cause of action before judgment is entered. Opp'n at 6. Defendants are mistaken. They confuse Codexis's right to recover under the UVTA, with its ability to state a claim under the UVTA. *See Qingdao Tang-Buy Int'l Imp. & Exp. Co., Ltd. v. Preferred Secured Agents, Inc.*, No. 15-CV-00624-LB, 2015 WL 7776331, at *4 (N.D. Cal. Dec. 3, 2015)("A 'claim' need not be reduced to judgment before one is a 'creditor' under California's UTFA [*sic*], as the defendants maintain, or before one can sue for fraudulent transfer.").

The rest of defendants' arguments on its first point are provided without support or citation. As to the second argument, I already rejected defendants' contention that plaintiff's alter ego theory of liability is baseless. Order on Mot. to Dismiss at 1. The proposed amendment is not futile.

8

## V. DISCOVERY

I noted in the recent Order on Discovery Disputes, Dkt. No. 118, that my ruling on this motion might make discovery into Tao's personal finances relevant. It did. Discovery regarding the alleged fraudulent transfer, financial documents not yet produced that show monies or other consideration flowing to Tao from the other defendants, or vice versa, and documents establishing whether Tao has sufficient assets to pay any liability arising from a judgment in this case, despite the transfer of the real estate, is, as a general matter, appropriate for production pursuant to the Protective Order.

## CONCLUSION

Considering the liberal standard of Rule 15(a) and the four factors used to evaluate the propriety of a motion to amend, Codexis's motion is GRANTED. It should file an amended complaint within 3 days. Defendants shall answer or otherwise respond within 14 days of the date below.

**IT IS SO ORDERED.**

Dated: September 25, 2017



William H. Orrick
United States District Judge